UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: ) ) ) | Chapter 7 |
| DETAIL DESIGN BUILDERS, LLC ) ) | Case No. 22-10577-MAF |
| Debtors. ) ) | |
| TIMOTHY P. SMITH ) ) | |
| Trustee ) | Adv. Pro. No. 24-01022-MAF |
| v. ) ) | |
| WILSON TECHNOLOGIES, LLC ) ) | |
| Defendant ) | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN CHAPTER 7 TRUSTEE AND WILSON TECHNOLOGIES, LLC**

Timothy P. Smith, the duly appointed Chapter 7 Trustee in the above-captioned case (the "Trustee"), by and through his attorneys, Sheehan Phinney Bass & Green PA, respectfully submits his motion (the "Motion") to approve a settlement agreement by and between the Trustee and Wilson Technologies, LLC ("Wilson" and collectively with the Trustee, the "Parties").

In support of this Motion, the Trustee respectfully states as follows:

**A.     JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

2.     Venue is proper pursuant to 28 U.S.C. §§11408 and 1409.

{S2417212.1}                                     1

## B. BACKGROUND

3. On or about November 22, 2022 (the "Petition Date"), Detail Design Builders, LLC (the "Debtor") filed its voluntary petition (the "Case") under chapter 11 of 11 U.S.C. § 101 et. seq. (the "Code").

4. The Case was converted to a case under chapter 7 of the Code on January 4, 2023 (the "Conversion").

5. The Trustee was duly appointed as Chapter 7 trustee of the Case on January 24, 2023.

6. Upon review of the Debtor's schedules, books and records, the Trustee determined that the Debtor made a payment totaling $35,244.00 to Wilson within the ninety (90) days prior to the Petition Date.

7. On or about September 27, 2024, the Trustee made demand upon Wilson for the return of $35,244.00 alleging, among other things, that the Debtor's payment of $35,244.00 to Wilson was a preferential transfer (the "Trustee's Claim").

8. On or about November 21, 2024, the Trustee filed an adversary proceeding against Wilson alleging the Trustee's Claim (the "Complaint").

9. Wilson answered the Complaint, denied the Trustee's Claim and raised certain defenses to the same, including but not limited to an ordinary course of business defense under Section 547(c)(2) of the Code (the "OCB Defense").  During discovery, Wilson provided the Trustee with support of its OCB Defense and also informed the Trustee that even if the Trustee were successful in prosecuting the Trustee's Claim, there was a serious issue of collectability given that Wilson had just been notified of a $156,000 IRS tax liability.  Through discovery, the Trustee confirmed the IRS tax liability via documents produced by Wilson's accounting firm.

{S2417212.1}

2

10. To avoid the expense, delay, uncertainty and risk inherent in litigation, the Parties have agreed, after arms-length negotiations, that it is appropriate, subject to the Bankruptcy Court's approval, to resolve the Trustee's Claim (the "Settlement Agreement").

### C. THE SETTLEMENT AGREEMENT

11. Generally, the Settlement Agreement, attached hereto as Exhibit A provides as follows:[1]

    A. Wilson shall pay $6,000 to the Estate upon execution of the Settlement Agreement (the "Settlement Payment")[2];

    B. Upon the Settlement Payment being made and the Settlement Agreement being approved, the Parties release each other from all claims as detailed in the Settlement Agreement; and

    C. Upon approval of the Settlement Agreement, Wilson waives any and all proofs of claims, the right to file a proof of claim and waives any and all section 502(h) claims.

### D. ARGUMENT IN SUPPORT OF RELIEF REQUESTED

12. Federal Rule of Bankruptcy Procedure 9019 allows bankruptcy courts to approve compromises and settlements if they are in the best interests of the estate.

13. When assessing a compromise or settlement, a bankruptcy court is to canvass the issues and see whether the settlement falls below the lowest point in the range of

---

[1] The description of the Settlement Agreement herein is intended to be and is a summary only.  For a detailed description of the settlement, please refer to the Settlement Agreement filed herewith.  To the extent that there is any discrepancy between the summary herein and the Settlement Agreement, the Settlement Agreement shall control.
[2] Wilson has made the Settlement Payment and the Trustee is in possession of said Settlement Payment.

{S2417212.1}

3

reasonableness.  Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 51 (1st Cir. 1998).

14. The Settlement Agreement is the culmination of a) a review of the Debtor's bankruptcy schedules, bank statements and books and records; b) a review of the Defendant's documents supporting its OCB Defense; c) a review of the Defendant's tax documents related to the Defendant's $156,000 IRS tax liability; and, d) the negotiation of counsel for both the Trustee and the Defendant.  The Settlement Agreement resolves all claims by and between the Estate and Chase.

15. In reaching the Settlement Agreement, the Trustee considered many factors, including but not limited to:

    A.    the merits of the claims brought by the Trustee against Wilson;
    B.    the defenses, issues and arguments raised by Wilson;
    C.    the potential cost to litigate the Trustee Claim;
    D.    the uncertain outcome inherent in litigation;
    E.    the impact of settlement versus litigation upon the creditors of the Estate;
    F.    the net return to the Estate if the Trustee was successful in litigation; and
    H.    collectability of judgment issues.

16. The Trustee, in his business judgment, has determined that the Settlement Agreement is in the best interests of the Estate and its creditors.  Absent the Settlement Agreement, the Estate will be forced into uncertain litigation which may or may not ultimately benefit the Estate.

### F. CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court grant this Motion, allow the Settlement Agreement and grant such further relief as this Court deems to be just

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TIMOTHY P. SMITH, TRUSTEE<br>By His Attorneys, |
| Dated: November 3, 2025 | SHEEHAN PHINNEY BASS & GREEN PA |
|  | By: /s/ James S. LaMontagne<br>   James S. LaMontagne BNH 05483<br>   Sheehan Phinney Bass & Green, PA<br>   75 Portsmouth Blvd., Suite 110<br>   Portsmouth, NH 03801<br>   Phone: (603) 627-8102 |