UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| DETAIL DESIGN BUILDERS, LLC ) | |
| ) | Case No. 22-10577-MAF |
| Debtors. ) | |
| ) | |
| TIMOTHY P. SMITH ) | |
| ) | |
| Trustee ) | Adv. Pro. No. 24-01022-MAF |
| v. ) | |
| ) | |
| WILSON TECHNOLOGIES, LLC ) | |
| ) | |
| Defendant ) | |

## SETTLEMENT AGREEMENT

The Trustee, Timothy P. Smith (the "Trustee"), and Wilson Technologies, LLC ("Wilson" and with the Trustee, the "Parties"), by and through their respective counsel, hereby enter into this Settlement Agreement on this 3rd day of November, 2025.

**I.      RECITALS**

1.01    On or about November 22, 2022 (the "Petition Date"), Detail Design Builders, LLC (the "Debtor") filed its voluntary petition (the "Case") under chapter 11 of 11 U.S.C. § 101 et. seq. (the "Code").

1.02    The Case was converted to a case under chapter 7 of the Code on January 4, 2023 (the "Conversion").

1.03    The Trustee was duly appointed as Chapter 7 trustee of the Case on January 24, 2023.

{S2332724.1}

1

1.04 Upon review of the Debtor's schedules, books and records, the Trustee determined that the Debtor made a payment totaling $35,244.00 to Wilson within the ninety (90) days prior to the Petition Date.

1.05 On or about September 27, 2024, the Trustee made demand upon Wilson for the return of $35,244.00 alleging, among other things, that the Debtor's payment of $35,244.00 to Wilson was a preferential transfer (the "Trustee's Claim").

1.06 On or about November 21, 2024, the Trustee filed an adversary proceeding against Wilson alleging the Trustee's Claim (the "Complaint").

1.07 Wilson answered the Complaint, denied the Trustee's Claim and raised certain defenses to the same, including but not limited to an ordinary course of business defense under Section 547(c)(2) of the Code (the "OCB Defense").  During discovery, Wilson provided the Trustee with support of its OCB Defense and also informed the Trustee that even if the Trustee were successful in prosecuting the Trustee's Claim, there was a serious issue of collectability given that Wilson had just been notified of a $156,000 IRS tax liability.  Through discovery, the Trustee confirmed the IRS tax liability via documents produced by Wilson's accounting firm.

1.08 To avoid the expense, delay, uncertainty and risk inherent in litigation, the Parties have agreed, after arms-length negotiations, that it is appropriate, subject to the Bankruptcy Court's approval, to resolve the Trustee's Claim upon the following terms and conditions (the "Settlement Agreement").

## II.     SETTLEMENT PAYMENT

2.01 Wilson shall pay to the Trustee the sum of Six Thousand Dollars ($6,000.00) in full and final satisfaction of the Trustee's Claim.

2.02    The $6,000.00 shall be paid by Wilson upon its execution of this Settlement Agreement (the "<u>Payment</u>").

2.03    The Payment shall be made payable to: "Timothy P. Smith, as Trustee To Detail Design Builders, LLC".

2.04    The Payment shall be mailed, along with a signed Settlement Agreement, to James S. LaMontagne, 75 Portsmouth Boulevard, Suite 110, Portsmouth, NH 03801.

### III.    RELEASE

3.01    Contingent and effective only upon a) a final order approving this Settlement Agreement being entered by the Bankruptcy Court; and b) the timely payment of the Payment to the Trustee pursuant to Section II herein, the Trustee and the Estate, for themselves and their respective, agents, successors and assigns, jointly and separately (collectively, the "<u>Trustee Releasors</u>"), shall and hereby do release and forever discharge Wilson and each of their respective heirs, beneficiaries, directors, officers, managers, members, employees, agents, successors and assigns (collectively, the "<u>Wilson Releasees</u>") of and from any and all claims which the Trustee or the Estate may now or hereafter hold, have or claim to have against the Wilson Releasess, or any one of them, including but not limited to the Trustee's Claim, from the beginning of time until the date of this Settlement Agreement, provided, however, that nothing in this release shall in any way release, discharge or relieve any party from any of their respective obligations, claims, covenants or agreements made or preserved by the express terms of this Settlement Agreement.

3.02    Wilson, for itself and its heirs, beneficiaries, directors, officers, managers, members, employees, agents, successors and assigns, jointly and separately (collectively, the "<u>Wilson Releasees</u>"), shall and hereby do release and forever discharge the Trustee, the Estate,

{S2332724.1}

and each of their respective heirs, beneficiaries, directors, officers, managers, members, employees, agents, attorneys, successors and assigns (collectively, the "Trustee Releasees") of and from all claims which the Wilson Releasors may now or hereafter hold, have or claim to have against the Trustee Releasees, or any one of them, including but not limited to the Trustee's Claim, from the beginning of time until the date of this Settlement Agreement, provided, however, that nothing in this release shall in any way release, discharge or relieve any party from any of their respective obligations, claims, covenants or agreements made or preserved by the express terms of this Settlement Agreement.

### IV. CLAIMS

4.01 Subject to approval of this Stipulation by the Bankruptcy Court, Wilson waives its claim, and/or right thereto, under Section 502(h) of the Code and/or Bankruptcy Rule 3002(c)(3).

4.02 Subject to the approval of this Stipulation by the Bankruptcy Court, Wilson waives any and all proofs of claim, including but not limited to Claim 45-1 filed on March 29, 2023 in the Case, the right to file a proof of claim and/or amend any proofs of claim in the Case.

### V. MISCELLANEOUS

5.01 The Payment shall be held in escrow by the Trustee until such time as a final order approving this Settlement Agreement is entered by the Bankruptcy Court. If the Bankruptcy Court does not approve this Settlement Agreement for any reason, the Payment shall be returned to Wilson within ten (10) business days of such denial by the Bankruptcy Court, unless the Parties agree differently.

5.02 Each of the Parties represents and warrants that it is the sole and lawful owner of all rights and interests to every matter and thing released by it herein, and that it has not assigned or transferred, or purported to assign or transfer to any person or entity any right, interest, claim,

{S2332724.1}

debt, liability, demand, obligation, cost, expense, damage, action or cause of action herein released or dismissed EXCEPT as provided for in Section III herein.

    5.03    Each of the Parties represents and warrants that the person executing this Settlement Agreement on his/her/its behalf has the authority to act, and specifically, to execute this Settlement Agreement on his/her/its behalf.

    5.04    The Parties agree that this Agreement shall be binding upon each of them and their predecessors, successors, owners, directors, partners, officers, employees, representatives, insurers, agents, divisions, subsidiaries, and assigns, and that all of whom shall cooperate to effectuate its terms.

    5.05    The Parties represent and warrant that each has had the benefit of consultation with competent counsel of their choice in connection with the making of this Settlement Agreement and the releases contained herein.

    5.06    Should any provision of this Settlement Agreement be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Settlement Agreement.

    5.07    Each Party agrees that any amendment, supplement, modification, waiver, or termination of this Settlement Agreement shall not be valid or binding, unless executed in writing by each Party to this Settlement Agreement.

    5.08    This Settlement Agreement shall be governed by applicable federal bankruptcy law and New Hampshire law.  The U.S. Bankruptcy Court for the District of New Hampshire or other court of competent jurisdiction may adjudicate any disputes which arise hereunder.

    5.09    This Settlement Agreement may not be assigned by any Party, without the prior

written consent of each and every other Party, which consent may be withheld in such Party's sole discretion. Any attempt to assign this Settlement Agreement by a Party without the consent of the other Party will be null and void, and the non-assigning Party will have the right to cancel and terminate this Settlement Agreement.

   5.10 This Settlement Agreement may be executed in counterparts, with the same effect as if all Parties have signed the same document, and each executed counterpart shall be deemed to be an original instrument. Delivery of an executed counterpart of this Settlement Agreement electronically (*e.g.*, pdf) or by facsimile shall be effective as delivery of an original executed counterpart of this Settlement Agreement. All such executed counterparts together shall constitute one and the same instrument.

   5.11 This Settlement Agreement constitutes the entire agreement between the Parties relating to the matters set forth herein and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Parties relating to this Settlement Agreement. Each of the Parties to this Settlement Agreement acknowledges that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf which are not embodied in this Settlement Agreement, and that they have not executed this Settlement Agreement in reliance on any such representation, inducement, promise, agreement, or warranty.

   5.12 The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any one party by virtue of

the authorship of any of the provisions of this Settlement Agreement.

5.13 The headings in this Settlement Agreement are included for convenience only, and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation or construction.

5.14 In the event that there is any dispute, claim, lawsuit or proceeding arising out of the enforcement, interpretation, terms and/or conditions of this Settlement Agreement, the prevailing party of said dispute, claim, lawsuit or proceeding shall be entitled to its attorney's fees, costs and expenses from the non-prevailing party.

Wilson Technologies, LLC
BY: Brian Wilson
Its Duly Authorized: Owner/Member
Date: 11/3/2025

Timothy P. Smith, as Chapter 7 Trustee of the Bankruptcy Estate
of Detail Design LLC, Case Number, 22-10577-MAF, and not individually
By: James S. LaMontagne
His: Attorney
Date: October 27, 2025

{S2332724 1}

7

the authorship of any of the provisions of this Settlement Agreement.

5.13 The headings in this Settlement Agreement are included for convenience only, and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation or construction.

5.14 In the event that there is any dispute, claim, lawsuit or proceeding arising out of the enforcement, interpretation, terms and/or conditions of this Settlement Agreement, the prevailing party of said dispute, claim, lawsuit or proceeding shall be entitled to its attorney's fees, costs and expenses from the non-prevailing party.

_____
**Wilson Technologies, LLC**
**BY:**_____
**Its Duly Authorized:**_____
**Date:**  _____



 /s/ James S. LaMontagne_____
**Timothy P. Smith, as Chapter 7 Trustee of the Bankruptcy Estate**
**of Detail Design LLC, Case Number, 22-10577-MAF, and not individually**
**By:** James S. LaMontagne
**His:** Attorney
**Date:** November 3, 2025

{S2332724.1}
7